## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:06-CR-021-WKW** |
| | ) | |
| **MARCUS RASHAWN SMITH** | ) | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case. All of the instructions are 11th Circuit Pattern Instructions.

Respectfully submitted this 20TH day of December, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1**

MEMBERS OF THE JURY:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2**

<u>Basic instruction 2.1</u>

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.3

<u>Definition of Reasonable Doubt</u>

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4**

<u>Basic Instruction 11</u>

<u>Duty to Deliberate</u>

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**GOVERNMENT'S REQUESTED JURY INSTRUCTIONS NO.5**

4.2

Evidence - Direct and Circumstantial

Argument of Counsel and Comment of Court


As stated earlier you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6**

5

<u>Credibility of Witnesses</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did he or she have any particular reason not to tell the truth?  Did he or she have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did he or she appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7**

9.1

<u>On or About - - Knowingly - - Willfully</u>

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  8**

10.2

Caution - - Punishment

<u>(Single Defendant - - Multiple Counts</u>)

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge to determine.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9**

4

<u>Possession</u>

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole.  If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

## GOVERNMENT'S JURY INSTRUCTION NO. 10

6.3

Impeachment—Inconsistent Statement

(defendant testifies with felony conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.[Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the Defendant is on trial.]

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11**

2.1

<u>Confession—Statement (Single Defendant)</u>

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

***ANNOTATIONS AND COMMENTS***

*United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert. denied*, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) approved similar instruction.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12**

**6.1**

Impeachment

Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13
### <u>Character Evidence</u>

Evidence has been offered of a Defendant's good character, and such evidence may give rise to a reasonable doubt.

So, where a Defendant has offered testimony that he is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that the Defendant willfully committed the crime charged.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14**

**52.3**

**<u>BANK ROBBERY</u>**

**(Subsections (a) and (d) Alleged in the Same Count)**

**18 USC 2113 (a) and (d)**

Title 18, United States Code, Section 2113(a) and (d), makes it a Federal crime or offense for anyone to take from the person or presence of someone else by force and violence or by intimidation any property or money in the possession of a federally insured bank and in the process of so doing to assault any person or put in jeopardy the life of any person by the use of a dangerous weapon or device.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:        That the Defendant took from the person or the presence of the person described in the indictment, money or property then in the possession of a federally insured bank, as charged;

<u>Second</u>:        That the Defendant did so by means of force or violence or by means of intimidation;

<u>Third</u>:        That the Defendant assaulted or put in jeopardy the life of some person by the use of a dangerous weapon or device while engaged in taking the property or money, as charged; and

<u>Fourth</u>:        That the Defendant acted knowingly and willfully.

A " federally insured bank" means any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

To take "by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm.

It is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the Defendant was so violent that it was likely to cause terror, panic or hysteria. However, a taking would not be by "means of intimidation" if any fear on the part of the alleged victim resulted from his or her own timidity rather than some intimidating conduct on the part of the Defendant. The essence of the offense is the taking of money or property aided and accompanied by willful, intimidating behavior on the part of the Defendant.

An "assault" may be committed without actually striking or injuring another person. So, an assault occurs whenever one person makes a willful attempt or threat to injure someone else, and also has an apparent, present ability to carry out the threat such as by flourishing or pointing a dangerous weapon or device at the other.

A "dangerous weapon or device" includes anything capable of being readily operated or wielded by one person to inflict severe bodily harm or injury upon another person.

To "put in jeopardy the life of any person by the use of a dangerous weapon or device" means, then, to expose someone else to a risk of death by the use of such dangerous weapon or device.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15**

31

CARRYING/USING FIREARM IN RELATION TO
A DRUG TRAFFICKING OFFENSE OR CRIME OF VIOLENCE
18 USC § 924(c)(1)

Title 18, United States Code, Section 924(c)(1), makes it a separate Federal crime of offense for anyone to use, carry or possess a firearm during and in relation to a crime of violence.  Bank robbery is a crime of violence.

The Defendant can be found guilty of that offense as charged in Count II of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:  That the Defendant committed the crime of violence charged in Count I of the indictment;

Second:  That during and in relation to the commission of that offense the Defendant used, carried or brandished a firearm, as charged; and

Third:  That the Defendant used, carried or brandished the firearm knowingly.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "use" a firearm means more than mere possession of a firearm.  It must be shown that the Defendant actively employed the firearm by brandishing, displaying, bartering, striking with, or firing or attempting to fire the firearm; but it may also include the mere

17

mention or disclosure of the firearm's presence in a manner intended to intimidate or influence others.

To "carry" a firearm means that the Defendant either had a firearm on or around his person *or* transported, conveyed or possessed a firearm in such a way that it was available for immediate use if the Defendant so desired.

"Brandish" means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

The phrase "during and in relation to" the commission of an offense means that there must be connection between the Defendant, the firearm and the crime of violence so that the firearm facilitated the crime by serving some important function or purpose of the criminal activity.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16**

<u>POSSESSION OF FIREARM BY CONVICTED FELON</u>

18 USC 922(g)

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm or ammunition.

A Colt, .38 Police Special handgun is a firearm as defined by law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:        That the Defendant has been convicted in a court of a crime which is punishable by imprisonment for a term exceeding one year, as charged; and

<u>Second</u>:        That he possessed a firearm or ammunition, as charged; and

<u>Third</u>:        That the firearm or ammunition so possessed traveled in or affected interstate commerce.

19

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17**

**Basic Instruction 12**

**Verdict**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message  or question you might send, that you should not tell me your numerical division at the time.

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **CASE NO. 2:06-CR-021-WKW** |
| | **)** | |
| **MARCUS RASHAWN SMITH** | **)** | |

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following: Charles Vercelli.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov