IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | CR. NO. 2:06-CR-21-WKW |
| ) | |
| MARCUS RASHAWN SMITH ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            CHARLES VERCELLI, JR.

ASSISTANT U.S. ATTORNEY:    SUSAN R. REDMOND

**COUNTS AND STATUTES CHARGED:**

Count 1.        18 U.S.C. § 2113(a)(d)
                Bank Robbery

Count 2.        18 U.S.C. § 924(c)(1)(A)(ii)
                Use, Possession of a firearm during/in commission of a felony

Count 3.        18 U.S.C. § 922(g)(1)
                Possession of a firearm by a felon

Count 4.        18 U.S.C. § 2113(a)(d)
                Bank Robbery

Count 5.        18 U.S.C. § 924(c)(1)(A)(ii)
                Use, Possession of a firearm during/in commission of a felony

Count 6.        18 U.S.C. § 922(g)(1)
                Possession of a firearm by a felon

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1.        18 U.S.C. § 2113(a)

Count 2.        18 U.S.C. § 924(c)(1)(A)(ii)

Count 3.            18 U.S.C. § 922(g)(1)

Count 4.            18 U.S.C. § 2113(a)

Count 5.            18 U.S.C. § 924(c)(1)(A)(ii)

Count 6.            18 U.S.C. § 922(g)(1)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Counts 1,4.          18 U.S.C. § 2113(a):
                            NMT 20Y;
                            NMT $250,000; both
                            NMT 3Y;
                            $100 AF
                            VWPA

Count 2.            18 U.S.C. § 924(c)(1)(A)(ii)
                            NLT 7Y, NMT LIFE;
                            NMT $250,000; both
                            NMT 3Y SUP REL;
                            No probation
                            $100 AF;
                            VWPA. Consecutive

Counts 3,6.          18 U.S.C. § 922(g)(1)
                            NMT 10Y;
                            NMT $250,000; both
                            NMT 3Y;
                            $100 AF
                            VWPA.

Count 5.            18 U.S.C. § 924(c)(1)(A)(ii)
                            NLT 25Y, NMT LIFE;
                            NMT $250,000; both
                            NMT 3Y SUP REL;
                            No probation
                            $100 AF;
                            VWPA. Consecutive

**ELEMENTS OF THE OFFENSE:**

<u>18 U.S.C. § 2113(a)</u>:

    First:        The defendant took from the person, money, then in the possession of a federally insured bank; and

    Second:     The defendant took such money by means of force or violence or intimidation; and

    Third:       The defendant did so knowingly and willfully.

A "federally insured bank" means any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

To "take by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm.

<u>18 U.S.C. § 924(c)(1)(A)(iii)</u>:

    First:        That the defendant knowingly and willfully committed a bank robbery; and

    Second:     That bank robbery is a "crime of violence"; and

    Third:       That the defendant used, carried and brandished a "dangerous weapon", a firearm, while committing such crime of violence.

    Fourth:     The defendant did so knowingly and willfully.

The term "crime of violence" means an offense that is a felony and has as an element the use, the attempted use, or threatened use of physical force against the person or property of another or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is actually visible to that person.

A "dangerous weapon" includes anything capable of being readily operated or wielded by one person to inflict severe bodily harm or injury upon another person.

<u>18 U.S.C. § 922(g)(1)</u>:

First: The defendant knowingly and intentionally possessed a firearm or ammunition; and

Second: The defendant has been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, a felony; and

Third: The firearm moved in, and affected, interstate commerce.

*********************************************************************

Susan R. Redmond, Assistant United States Attorney and Charles Vercelli, Jr., attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charge pending in the Indictment, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offense charged in Counts 1, 2, 3, 4, 5, and 6 of the Indictment, the attorney for the government will do the following:

   a. The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the

4

offense conduct.

      b.      The Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of three (3) levels.

2.      The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3.      The defendant agrees to the following:

      a.      To plead guilty to all counts of the Indictment.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that on or about November 17, 2005, in Lowndes County, within the Middle District of Alabama, the defendant, knowingly and willfully take by force and violence and by intimidation from the person or presence of person(s), money, belonging to and in the care, custody, control, management, and possession of Banc Corp South Bank, a federally insured bank, in violation of Title 18, United States Code, Section 2113(a) and (d).

The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 2, that on or

about November 17, 2005, in Lowndes County, within the Middle District of Alabama, the defendant, did knowingly use and carry and brandished a firearm during and in relation to a bank robbery, a crime of violence which is punishable by a term of imprisonment of more than one (1) year, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

The defendant admits the allegations charged in Count 3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 3, that on or about November 17, 2005, in Lowndes County, within the Middle District of Alabama, the defendant, having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, to-wit: Robbery First Degree in the Circuit Court of Sumter County, Alabama (CC94-92), did knowingly and willfully possess a firearm, in and affecting commerce, that is, ~~a Colt, 38 Police Special handgun, serial number C15047,~~ a .357 handgun, a better description of which is unknown, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

The defendant admits the allegations charged in Count 4 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 4, that on or about January 6, 2006, in Lowndes County, within the Middle District of Alabama, the defendant, knowingly and willfully take by force and violence and by intimidation from the person or presence of person(s), money, belonging to and in the care, custody, control, management, and possession of Banc Corp South Bank, a federally insured bank, in violation of Title 18, United States Code, Section 2113(a) and (d).

The defendant admits the allegations charged in Count 5 of the Indictment and understands

6

that the nature of the charge to which the plea is offered involves proof as to Count 5, that on or about January 6, 2006, in Lowndes County, within the Middle District of Alabama, the defendant, did knowingly use and carry and brandished a firearm during and in relation to a bank robbery, a crime of violence which is punishable by a term of imprisonment of more than one (1) year, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

The defendant admits the allegations charged in Count 6 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 6, that on or about January 6, 2006, in Lowndes County, within the Middle District of Alabama, the defendant, having been previously convicted in a court, of a crime punishable by imprisonment for a term in excess of one year, to-wit: Robbery First Degree in the Circuit Court of Sumter County, Alabama (CC94-92), did knowingly and willfully possess a firearm, in and affecting commerce, that is, ~~a Colt,~~ .38 ~~Police Special~~ handgun, ~~serial number C15047,~~ and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## SENTENCING GUIDELINES AND RECOMMENDATIONS

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States

Probation Office. Defendant waives indictment and trial by jury on all findings for sentencing, and stipulates that the Court may make all findings for sentencing and may make those findings by a preponderance of the evidence based upon any reliable evidence, including hearsay. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case.

## **DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including upward departures or variances by the Court, and waives the right to attack the conviction and sentence in any post-conviction proceeding, including §2255 proceedings. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the

defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

### **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

4.     The defendant, before entering a plea of guilty to all counts of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a.   The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b.   Defendant acknowledges that a breach of this federal plea agreement, to include committing another federal, state, or local offense prior to sentencing on the pending charge, will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant. Defendant further understands that should he breach this agreement, this agreement will be null and void and he will be prosecuted for all offenses of which the government has knowledge. The parties agree that the Government will be the sole authority to decided whether Defendant has breached this Agreement.

   c.   The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $600.00/count assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true

and accurate to the best of the defendant's indictment, knowledge, and belief.

   d.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g.  The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement

set forth herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

  h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

  i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on their respective Courts.

  j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

  k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

  5. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached

pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.     The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on

that basis.

This 9th day of April, 2007.

                                      Respectfully submitted,

                                      LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      Louis V. Franklin
                                      Chief - Criminal Division
                                      U.S. Attorney's Office
                                      One Court Square, Suite 201
                                      Montgomery, Alabama 36104

                                      Susan R. Redmond
                                      Assistant U.S. Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHARLES VERCELLI, JR.

_____
Marcus Rashawn Smith
Defendant

_____4/9/07_____
Date

_____
Charles Vercelli, Jr.
Attorney for Defendant

_____4/9/07_____
Date