IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.                               ) | CASE NO. 2:06-CR-21-WKW |
| ) | |
| MARCUS RASHAWN SMITH    ) | |

**ORDER**

Before the court is the United States of America's Unopposed Motion for Leave to Amend Indictment (Doc. # 47). The United States alleges that Marcus Smith ("Mr. Smith") notified them at his change of plea hearing that the guns he possessed at the time of the alleged crime were different than those named in the Indictment (Doc. # 1). As a result, the government moves to amend Count 3 and Count 6 to include a .357 caliber firearm and a .38 caliber pistol, respectively. Mr. Smith does not oppose the requested amendment. For the reasons that follow, the United States of America's Unopposed Motion for Leave to Amend Indictment (Doc. # 47) is GRANTED.

The power of this court to amend Mr. Smith's indictment is not within the purview of Rule 7(e) of the Federal Rules of Criminal Procedure, as suggested by the United States. Rule 7(e) provides that "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an *information* to be amended at any time before the verdict or finding." Fed. R. Crim. P. 7(e) (emphasis added). The Advisory Committee Notes explicitly state that "[Rule 7(e)] continues the existing law that, *unlike an indictment*, an information may be amended . . . ." (emphasis added). However,

the 11th Circuit has suggested exceptions to the long established rule:

> An indictment must definitely inform the accused of the charges against him 'so that he may be able to present his defense and [will not] be taken by surprise by evidence offered at the trial . . . .' It must also 'be sufficiently definite that [the accused] shall not be again subjected to another prosecution for the same offense.' An indictment may be ordinarily amended 'provided that the amendment does not violate the above requirements, and provided that any evidence defendant had before the amendment would be equally available to him after the amendment.' Accordingly, amendments that are merely a matter of form are freely permitted . . . .

*United States v. Johnson*, 741 F.2d 1338, 1340-41 (11th Cir. 1984) (internal citations omitted).

The requested amendment to the indictment by the government is merely a matter of form as to the caliber of firearm used in the alleged crime. Further, the proposed amendment does not alter the substance of the alleged crime charged against Mr. Smith in the indictment. Additionally, by granting the amendment, the court does not foresee Mr. Smith being "taken by surprise by evidence offered at the trial . . . ," since he did not object to the motion and informed the government of the alleged defect in the indictment. *Williams v. United States*, 179 F.3d 656, 659 (5th Cir. 1950). Accordingly, the United States of America's Unopposed Motion for Leave to Amend Indictment (Doc. # 47) is GRANTED.

DONE this 18th day of April, 2007.

                                             /s/  W. Keith Watkins
                                         UNITED STATES DISTRICT JUDGE