UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:01-cr-122-MHT |
| | ) | |
| NATHAN HAROLD JENKINS | ) | |

**DEFENDANT JENKINS' MOTION FOR PERMISSION
TO EMPLOY DR. GUY RENFRO**

Defendant Jenkins, through counsel, moves this Honorable Court for permission to employ, at government expense, Dr. Guy Renfro, as an expert witness in this matter. As grounds for this Motion, Defendant says:

1. Defendant is charged with violating the terms of supervised release, and the government has requested that the Court terminate supervised release and imprison the Defendant.

2. Defendant is and has been under the care of and has had consultation with Dr. Guy Renfro, a licensed clinical and forensic psychologist in Montgomery whose principal place of business is 1520 Mulberry Street, Montgomery, Alabama, 36106. Dr. Renfro's resume is attached hereto.

3. Dr. Renfro is counseling the Defendant, with the approval of the United States Probation Office (upon information and belief). In fact, Dr. Renfro is being paid, counsel believes, by the United States Government through the U.S. Probation Office for consultation and treatment of the Defendant. Upon information and belief, the U.S. Probation Office may have one or more reports from Dr. Renfro that are not now in the possession of the Defendant's attorney.

4. The Defendant's attorney has very briefly spoken with Dr. Renfro who has expressed a willingness to come to Court to testify regarding the Defendant's situation and mental health issues and treatment.

5. Defendant intends to ask the Court not to terminate the supervised release, because Defendant and counsel for the Defendant strongly feel that terminating supervised release and returning the Defendant to prison would not be in the Defendant's best interest, and would not be in the best interests of the United States or the people of the State of Alabama. Therefore, Dr. Renfro's opinions are relevant and important to Defendant's response to the government's request to terminate supervised release.

6. Dr. Renfro has a contract with the U.S. Probation Office. Dr. Renfro has indicated that he would be willing to accept the rates that he has previously negotiated with the U.S. Probation Office (which rates are unknown to the Defendant's attorney but are believed to be less than $150 per hour), or $150 per hour, whichever is less.

7. Counsel anticipates talking with Dr. Renfro for approximately one hour before the hearing, and asking Dr. Renfro to attend the hearing, observe the witnesses, and testify. For all this time, counsel believes Dr. Renfro would be needed for approximately six hours or less (which would include time spent waiting for Court to begin and the hearing itself).

**WHEREFORE,** for good cause shown, Defendant moves this Honorable Court to employ Dr. Guy Renfro, at government expense, for approximately six hours or less at $150 per hour or less.

                **/s/  C. E. Vercelli, Jr.**
                **CHARLES E. VERCELLI, JR.** (VER003)

**OF COUNSEL:**
VERCELLI & ASSOCIATES, P.C.
1019 S. Perry Street
Montgomery, AL 36104-5049
TEL:   334-834-8805
FAX:   334-834-8807
cvercelli@vercelli-law.com


## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2007, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the United States Attorney and to all counsel of record.

                **/s/  C. E. Vercelli, Jr.**
                Of Counsel

261-01\D's M-Permission Employ Renfro.2.wpd