IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:06-cr-21-WKW |
| ) | |
| MARCUS RASHAWN SMITH ) | |

**<u>ORDER</u>**

This case is currently before the court on Defendant's Motion to Authorize Payment of Expert Witness Fees (Doc. # 76). Defendant Marcus RaShawn Smith ("Smith") seeks authorization from the court to compensate Dr. J. Davis Martin ("Dr. Martin") for $4,316.25 in fees she incurred as an expert in this case.

A court may authorize counsel to obtain expert services for individuals who cannot financially afford them upon a showing that the services are necessary. 18 U.S.C. § 3006(A)(e)(1). The compensation for services other than counsel is capped at $1,600 "unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit." *Id.* § 3006(A)(e)(3).

The Magistrate Judge authorized (Doc. # 59) defense counsel to obtain Dr. Martin's expert services. The issue before the court is whether to certify Dr. Martin's services as being of an unusual character or duration.

Smith obtained the services of Dr. Martin to provide evidence of mitigation at his sentencing. Smith faced a heavy sentence and was eventually sentenced to 430 months for

his role in two bank robberies, and the court notes this long sentenced as a reason for the expert. At sentencing, Smith presented testimony from his family members about the abuse he suffered as a child. They testified that Smith's father began beating him when Smith was four years old. At one point, Smith's father suspended him from the rafters and beat him an electric cord, which Smith's father admitted when testifying. Other evidence revealed that Smith set fires beginning at age four, he self-mutilated, and claimed to hear voices.

Dr. Martin's report and testimony focused on how the serious abuse that Smith faced as a child impacted his development. To complete her report, Dr. Martin interviewed Smith's family members, reviewed his records, and administered tests in her clinical evaluation of Smith. The court finds that Dr. Martin's services were necessary in this case and of an unusual character and/ or duration given the long sentence that Smith faced and the magnitude of the abuse he endured as a child. Accordingly, it is ORDERED that the court CERTIFIES that payment of Dr. Martin's fees in excess of $1,600 is necessary to provide fair compensation for services of an unusual character or duration. The matter of Dr. Martin's fees will be forwarded to the Chief Judge of the Eleventh Circuit for approval.

DONE this 12th day of May, 2008.

                                       /s/  W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE