IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CR-21-WKW |
| | ) | [WO] |
| MARCUS RASHAWN SMITH | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Before the court is Defendant Marcus Rashawn Smith's *pro se* motion for compassionate release based on extraordinary and compelling reasons. (Doc. # 102.) The asserted reasons are Mr. Smith's unusually long sentence, his individual circumstances, and his rehabilitation and good behavior during his imprisonment. Defendant now is forty-eight years old, and he has served more than half of his 430-month sentence. (Doc. # 75 at 2.) His projected release date is October 28, 2036. *See* Federal Bureau of Prisons' Inmate Locator, at https://www.bop.gov/inmateloc/ (last visited Jan. 8, 2025). He requests a sentence of time served.

The Government filed a response to the motion. (Doc. # 108.) Based on the "totality of the circumstances," the Government "concedes that given [Mr. Smith's] health concerns, combined with what his sentence would have been under current law, compassionate release is appropriate." (Doc. # 108 at 4–5.)

For the reasons to follow, the motion will be granted.

## II.  Background

On April 9, 2007, Mr. Smith pleaded guilty to a six-count indictment—two counts of bank robbery, in violation of 18 U.S.C. § 2113(a); two counts of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (Doc. # 45-1.)  In March 2008, Defendant was sentenced to 430 months' imprisonment.  (Doc. # 75.)  At that time, his two convictions under § 924(c) required a minimum seven-year consecutive sentence on the first conviction and a minimum twenty-five-year consecutive sentence on the second conviction (Doc. # 75 at 2); hence, his stacked firearms convictions account for 384 months of his overall 430-month sentence.  Judgment was entered on March 25, 2008.  (Doc. # 75.)  Mr. Smith did not file a direct appeal of his convictions or sentences.

Nine years later, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Mr. Smith filed a 28 U.S.C. § 2255 motion seeking to vacate his two § 924(c) convictions for the use of a firearm during a crime of violence under the theory that the residual clause in § 924(c)(3)(B) was unconstitutionally vague and that his convictions did not qualify as crimes of violence under the "use-of-force" clause in § 924(c)(3)(A).  *Smith v United States*, 2:16-cv-394, Doc. # 1 (M.D. Ala. May 31, 2016).  The district court adopted the

magistrate judge's report and recommendation and denied the § 2255 motion, reasoning that the Eleventh Circuit's ruling in *In re Sams*, 830 F.3d 1234 (11th Cir. 2016) (per curiam)—holding that bank robbery fell under the use-of-force clause of § 924(c)(3)(A)—controlled. *Smith*, 2:16-cv-394, Doc. # 24. The district court declined to address whether § 924(c)(3)(B)'s residual clause was unconstitutionally vague. *Id.* Mr. Smith filed a notice of appeal and a motion for a certificate of appealability, which the district court granted. (Doc. # 31.) The Eleventh Circuit affirmed the district court's denial of Mr. Smith's § 2255 motion on November 1, 2019. *Id.*, Docs. # 32, 33.

In 2021, the district court denied Mr. Smith's motion for compassionate release, which was based in part on an argument that, if sentenced anew, his multiple convictions under § 924(c) would no longer be consecutive (or "stacked"). The district court reasoned:

> All of Mr. Smith's character letters have been carefully considered, and Mr. Smith is to be commended for the steps he has taken to better himself in prison and for his many accomplishments while incarcerated; however, they do not justify early release. In particular, having considered all of the § 3553(a) factors and the record as a whole, the court finds that the nature and circumstances of the armed bank robberies and Mr. Smith's history and characteristics, including his prior violent criminal history, weigh against a sentence reduction.

(Doc. # 98.)

3

### III.  Discussion

To grant a sentence reduction under § 3582(c)(1)(A)(i), a district court must find that the following three conditions are satisfied: (1) the existence of extraordinary and compelling reasons; (2) compliance with U.S.S.G. § 1B1.13's policy statement; and (3) the support of the 18 U.S.C. § 3553(a) factors. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).

As to the first condition, in November 2023, the Sentencing Commission amended § 1B1.13, which is the policy statement for § 3582(c)(1)(A). The amendment expanded the scope of "extraordinary and compelling reasons" to grant compassionate release to include "unusually long sentences," when the defendant has already served ten years of his or her sentence.  As part of this amendment, a court can consider instances where a statutory amendment has changed a sentencing range to produce a "gross disparity." § 1B1.13(b)(6).  This subsection provides the only circumstance where a nonretroactive change in law can be considered as part of an extraordinary and compelling reason for compassionate release. *Id.* § 1B1.13(c).

Regarding the second condition, § 1B1.13 also specifies that a sentence reduction may only be granted if the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2).  Section 3142(g) requires courts to assess:

4

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involved a firearm; (2) the strength of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's criminal history; and (4) the potential danger to any person or the community if the defendant is released.  § 3142(g).

Regarding the third condition, § 3553(a) outlines the factors that district courts should consider when imposing an initial sentence: (1) the circumstances of the offense and the defendant's characteristics; (2) the need for the sentence to reflect the seriousness of the offense, provide adequate deterrence, and protect the public; (3) the available sentencing options; (4) the relevant Sentencing Guidelines; (5) the applicable policy statements; (6) the need to prevent unwarranted sentence disparities among similar situated defendants; and (7) the requirement to provide restitution to any victims of the offense.  § 3553(a).  An additional consideration is "evidence of postsentencing rehabilitation," which "may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011).

Mr. Smith satisfies the prerequisites of the first condition under § 1B1.13(b)(6).  To qualify for a modified sentence, a defendant's sentence must have been unusually long, and the defendant must have served ten years of it.  Mr. Smith has been imprisoned for more than half of his 430-month sentence.  Also, at

5

the time Mr. Smith was sentenced, the two firearm convictions under § 924(c) carried mandatory, consecutive sentences of seven years and twenty-five years. Today, the same convictions on the firearms offenses would carry a total term of fourteen years, for a difference of eighteen years. § 924(c)(1)(A)(ii). Hence, if Mr. Smith were sentenced today, his 430-month sentence would be 214 months (430 months minus 216 months). While Mr. Smith's crimes of conviction are significant in nature, the penalty imposed largely reflected the fact that he brandished a firearm in each offense. The later amendments to § 924(c) emphasize the unusually lengthy nature of Mr. Smith's imposed sentence. The statutory amendments to § 924(c) produce a "gross disparity." § 1B1.13(b)(6).

Under the second and third conditions, there is no question that Mr. Smith's crimes were serious. He robbed two banks, brandishing a firearm each time. Nevertheless, the § 3553(a) sentencing factors weigh in favor of a sentence reduction. *See* §§ 3553(a), 3582(c)(1)(A)(i). The court carefully has considered the § 3553(a) factors—including the nature and circumstances of the offense, the aims of deterrence and punishment, and Mr. Smith's criminal history, age, post-sentencing conduct, and rehabilitative efforts. *See* § 3553(a); *see also Pepper*, 562 U.S. at 491; (Doc. # 102-1, at 18–24 (compilation of character references from prison officials documenting Mr. Smith's exceptional behavior).) In sum, the nearly two decades Mr. Smith has served on his sentence is sufficient, given the unique circumstances

of this case and the characteristics of the defendant, to meet the seriousness of the crimes committed.

## IV. Conclusion

Accordingly, it is ORDERED that Mr. Smith's *pro se* motion for compassionate release based on extraordinary and compelling reasons is GRANTED and that Mr. Smith's term of imprisonment is reduced to time served.

It is further ORDERED that Mr. Smith shall be released from the custody of the Federal Bureau of Prisons as soon as his release plan is implemented and travel arrangements can be made.

It is further ORDERED that, upon his release from the custody of the Federal Bureau of Prisons, Mr. Smith shall begin serving his five-year term of supervised release previously imposed (Doc. # 75).

It is further ORDERED that the Clerk of Court is DIRECTED to serve a copy of this Order on the warden of the Federal Bureau of Prisons' Federal Correctional Institution in Talladega, by email at TDG-ExecAssistant-S@bop.gov.

All other provisions of the sentence remain in full force and effect, and Mr. Smith's term of supervised release will begin immediately upon his release from custody.

DONE this 9th day of January, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE